UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:20-CR-00075-1-JRG-CRW |
| | ) |
| DEANGELO DESHONG HOLT | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Deangelo Deshong Holt's Pro Se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 38] and the United States's Response in Opposition [Doc. 44]. For the reasons herein, the Court will deny Mr. Holt's pro se motion.

## I. BACKGROUND

In 2020, the United States charged Mr. Holt with one count of possession of a firearm and ammunition by an unlawful user of a controlled substance. [Information, Doc. 1, at 1]. He later pleaded guilty to this charge after entering into a plea agreement with the United States under Federal Rule of Criminal Procedure 11(c)(1)(C).[1] [Plea Agreement, Doc. 2, at 1]. With a criminal history category of VI and total offense level of 21, he had an advisory guidelines range of 77 to 96 months' imprisonment. [Statement of Reasons, Doc. 19, at 1]. In the Rule 11(c)(1)(C) plea agreement, however, the parties agreed that the appropriate sentence was 97 months. [Plea Agreement at 4]. The Court accepted the plea agreement and, in doing so, sentenced Mr. Holt to 97 months. [J., Doc. 18, at 2; Statement of Reasons at 3].

---

[1] Rule 11(c)(1)(C) allows the United States to "agree that a specific sentence or sentencing range is the appropriate disposition of the case," Fed. R. Crim. P. 11(c)(1)(C), but a plea agreement under Rule 11(c)(1)(C) requires the Court's approval, Fed. R. Crim. P. 11(c)(3)(A).

Acting pro se, Mr. Holt now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), "commonly known as the 'compassionate release' provision." *United States v. Pegram*, 843 F. App'x 762, 762 (6th Cir. 2021).[2] The United States opposes his motion. Having carefully reviewed the parties' arguments, the Court is now prepared to rule on Mr. Holt's motion.

## II. Legal Standard

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Congress enacted one of those exceptions in 18 U.S.C. § 3582(c)(1)(A). Although § 3582(c)(1)(A) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1)(A) so that courts—for the first time—can consider a defendant's motion for compassionate release once that defendant either exhausts his administrative remedies with the Federal Bureau of Prisons ("BOP") or waits thirty days after submitting a request to the warden. 18 U.S.C. § 3582(c)(1)(A).[3]

---

[2] Mr. Holt also moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to Appendix C of the *United States Sentencing Commission Guidelines Manual*. The Federal Defender Services of Eastern Tennessee has filed a supplemental motion on his behalf, arguing that Mr. Holt is entitled to relief under § 3582(c)(2) and Amendment 821, and the Court will address that motion in a separate memorandum opinion.

[3] The United States contends that Mr. Holt has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement because he previously sought compassionate release from the BOP for reasons that are not the same as those that he now raises in his motion. [United States's Resp. at 4–5]. Even if Mr. Holt has not satisfied the exhaustion requirement, the Court has license to deny his motion on the merits and will do so. *See United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) (recognizing that § 3582(c)(1)(A)'s exhaustion requirement does not implicate a district court's jurisdiction and that district courts are therefore "free to *deny* such a motion [under § 3582(c)(1)(A)] for any reason that is supported in the record"); *see also United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (determining that § 3582(c)(2)'s exhaustion requirement, though mandatory, is a non-jurisdictional claims-processing rule).

The First Step Act's amendment to § 3582(c)(1)(A) is significant because "[h]istorically, only the Bureau of Prisons . . . could bring compassionate-release motions," and "the BOP rarely exercised this power." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (citation omitted). As amended by the First Step Act, § 3582(c)(1)(A) now states:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant* after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Distilling this statutory language into its essentials, the Court may—not must—reduce a defendant's sentence under § 3582(c)(1)(A) if, after engaging in "a three-step inquiry," it finds that (1) "extraordinary and compelling reasons warrant [a sentence] reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,"

3

and (3) "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" justify a reduction. *Elias*, 984 F.3d at 518 (alteration in original) (quoting *United States v. Jones*, 980 F.3d 1098, 1011 (6th Cir. 2020))); *see Jones*, 980 F.3d at 1106 (stating that "the compassionate release decision is discretionary, not mandatory"). "[D]istrict courts may deny compassionate-release motions when any of the . . . prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519 (citations omitted).

When deciding whether an inmate has identified extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A), district courts, before the First Step Act's enactment in 2018, "ha[d] universally turned to USSG § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020) (quotation omitted). Application Note 1 to § 1B1.13, at the time, "identifie[d] three specific extraordinary and compelling reasons (tied to the defendant's health, age, or family circumstances) and a fourth catchall," under which the Bureau of Prisons's director had license to grant release for "reason[s] other than" a defendant's health, age, or familial circumstances. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(ii)). But during the pandemic, the Sixth Circuit recognized that the Sentencing Commission had not updated § 1B1.13 in response to the First Step Act's passage—namely the First Step Act's provision allowing inmates to pursue compassionate release on their own behalf—and it held, therefore, that "§ 1B1.13 is not an 'applicable' policy statement." *Jones*, 980 F.3d at 1008.

The Sentencing Commission has now updated § 1B1.13 in response to the First Step Act, *see* U.S. Sent'g Guidelines Suppl. to app. C, amend. 814, and the updated version of § 1B1.13(a) states:

4

(a) In General.—Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1)(A) Extraordinary and compelling reasons warrant the reduction; or

(B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S. Sent'g Guidelines Manual § 1B1.13(a)(1)–(3) (emphasis added). In addition, the Sentencing Commission updated § 1B1.13(b) so that it now includes an expanded set of circumstances that constitute extraordinary and compelling reasons: (1) medical circumstances, (2) age, (3) familial circumstances, (4) sexual or physical abuse, (5) other reasons that are "similar in gravity," and (6) an unusually long sentence. *Id.* § 1B1.13(b)(1)–(6).

### III. ANALYSIS

In pursuing compassionate release, Mr. Holt does not specifically seize on any one of these six circumstances. Instead, he highlights his achievements while in custody: "17 F.S.A. class[es]," "500 Unicor hours," "non-residential drug program and drug education," and "one minor write-up." [Def.'s Mot. at 2, 6]. He also goes on to contend that the BOP is "not a safe environment." [Def.'s Mot. at 5]. In this vein, he argues that the BOP's facilities are "over ran [sic] with black mold," "rats," and "roofs leaking in every unit." [*Id.* at 3]. He insists that the BOP's staff is "corrupt," and he claims that he and other inmates have been unable to receive adequate medical care and treatment for their drug addictions while in the BOP. [*Id.* at 3–5].

5

But as the United States correctly argues, Mr. Holt's complaints resonate as claims of cruel and unusual punishment under the Eighth Amendment of the United States Constitution, and those claims are actionable only under civil-rights laws, not under § 3582(c)(1)(A). *See generally Corrs. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer[.]");[4] *see generally cf. Hinneburg v. Miron*, 676 F. App'x 483, 486 (6th Cir. 2017) (stating that "[d]eliberate indifference to serious medical needs of prisoners' constitutes an Eighth Amendment violation, actionable under 42 U.S.C. § 1983" (quotation omitted)); *see United States v. Carr*, No. 20-5784, slip op. at 3 (6th Cir. Oct. 26, 2020) ("The district court also did not err by determining that [the defendant's] Eighth Amendment claim was not an extraordinary and compelling reason to grant compassionate release. As noted by the district court, a compassionate release proceeding is not the proper vehicle to seek relief for a claimed constitutional violation." (citation omitted)); *United States v. McClain*, 618 F. Supp. 3d 635, 640–41 (E.D. Mich. Aug. 2, 2022) ("And even if the BOP has violated Defendant's constitutional rights, his best avenue for relief is not a motion for compassionate release but a civil action against the relevant officials." (citing *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004)). The BOP's Administrative Remedy Program is also an appropriate forum for Mr. Holt's allegations against the BOP. *See* 28 C.F.R. § 542.10(a)–(b) ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement. . . . This Program applies to all inmates in institutions operated by the Bureau of Prisons[.]"); *see Malesko*, 534 U.S. at 74 ("This program provides yet

---

[4] In *Bivens*, the Supreme Court recognized for the first time an implied private action for damages against federal officers who have allegedly violated a citizen's constitutional rights.

another means through which allegedly unconstitutional actions and policies can be brought to the attention of the BOP and prevented from recurring.").

In addition, although Mr. Holt champions his post-conviction record as a reason for a sentence reduction, it does not move the dial in his favor. All of his efforts and achievements while incarcerated are to his credit, and they will serve him well in the future, but as the United States correctly argues, good behavior and self-improvement are expected of federal inmates. *See United States v. Hymes*, 19 F.4th 928, 934 (2021) (stating that a prisoner's participation in prison programs and lack of disciplinary infractions are "behavior expected of federal prisoners"); *United States v. Martin*, No. 6:06-105-DCR, 2021 WL 134602, at *2 (E.D. Ky. Jan. 13, 2021) ("These admirable efforts will likely serve [the defendant] both now and well after his term of incarceration ends. But good behavior and education, which are expected of incarcerated individuals, do not constitute 'extraordinary and compelling circumstances' that warrant a sentence reduction."); *see also United States v. Logan*, No. 97-cr-993, 2021 WL 1221481, at *8 (D. Minn. Apr. 1, 2021) ("Prisoners are *supposed* to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary.").

Indeed, rehabilitation alone cannot justify relief under § 3582(c)(1)(A). *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason"); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (stating that "Congress has made clear that rehabilitation 'alone' does not provide a proper basis for relief" (citing 28 U.S.C. § 994(t))); *United States v. Neal*, No. 3:11-CR-069, 2020 WL 5603922, at *2 (E.D. Tenn. Sept. 17, 2020) ("The defendant also mentions his rehabilitative efforts. However, 'rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason[.]'"

(quoting *id.*)). Mr. Holt makes no argument that his rehabilitative efforts, in combination with § 3553(a)'s factors, justify a sentence reduction, and incidentally, he does not even mention § 3553(a)'s factors in his motion. In sum, neither his reliance on his rehabilitative efforts nor his other arguments—i.e., that the BOP is unsafe and deliberately indifferent to his medical needs—constitutes an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A). He is therefore not entitled to relief under § 3582(c)(1)(A).

## IV. CONCLUSION

Mr. Holt fails to show that he is entitled to compassionate release under § 3582(c)(1)(A). His Pro Se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 38] is therefore **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

8

Case 2:20-cr-00075-DCLC-CRW   Document 46   Filed 04/24/25   Page 8 of 8   PageID #: 533