UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:20-CR-00075-1-JRG-CRW |
| | ) | |
| DEANGELO DESHONG HOLT | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Deangelo Deshong Holt's Pro Se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) [Doc. 38],[1] the Federal Defender Services of Eastern Tennessee's ("FDSET") Motion for Sentence Reduction under Amendment 821, Part A [Doc. 42], and the United States's Response in Opposition [Doc. 44]. For the reasons herein, the Court will deny Mr. Holt's motions.

**I. BACKGROUND**

In 2020, the United States charged Mr. Holt with one count of possession of a firearm and ammunition by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). [Information, Doc. 1, at 1]. He later pleaded guilty to this charge after entering into a plea agreement with the United States under Federal Rule of Criminal Procedure 11(c)(1)(C).[2] [Plea Agreement, Doc. 2, at 1]. With a criminal history category of VI and total offense level of 21, he had an advisory guidelines range of 77 to 96 months' imprisonment. [Statement of Reasons, Doc. 19, at 1]. In the Rule 11(c)(1)(C) plea agreement, however, the

---

[1] Although Mr. Holt titles his motion as a request for a sentence reduction under § 3582(c)(1)(A)—a request that the Court previously denied in a separate memorandum opinion, [Mem. Op. & Order, Doc. 46]—he also requests, in the body of his motion, a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to Appendix C of the *United States Sentencing Commission Guidelines Manual*. [Def.'s Mot. at 1]. The Court will now address this request.

[2] Rule 11(c)(1)(C) allows the United States to "agree that a specific sentence or sentencing range is the appropriate disposition of the case," Fed. R. Crim. P. 11(c)(1)(C), but a plea agreement under Rule 11(c)(1)(C) requires the Court's approval, Fed. R. Crim. P. 11(c)(3)(A).

parties agreed that the appropriate sentence was 97 months. [Plea Agreement at 4]. The Court accepted the plea agreement and, in doing so, sentenced Mr. Holt to 97 months. [J., Doc. 18, at 2; Statement of Reasons at 3].

Acting pro se, Mr. Holt now moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to Appendix C of the *United States Sentencing Commission Guidelines Manual*, and FDSET has filed a supplemental motion on his behalf. The United States opposes Mr. Holt's motions. Having carefully reviewed the parties' arguments, the Court is now prepared to rule on Mr. Holt's motions.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exceptions in 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a defendant will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements. *See United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (stating that the defendant "must show" that he is entitled to a sentence reduction under § 3582(c)(2)).

First, the defendant must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United*

2

*States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting 18 U.S.C. § 3582(c)(2));[3] *see* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range[.]").[4] In determining whether a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the defendant if the applicable amendment had been in effect during sentencing—and substitutes this guidelines range for the original guidelines range. *Dillon v. United States*, 560 U.S. 817, 827 (2010); U.S. Sent'g Guidelines Manual § 1B1.10(b)(1).

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting 18 U.S.C. § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). A reduction is consistent with USSG § 1B1.10 when the amendment at issue (1) applies to the defendant and (2) lowers the defendant's guidelines range. *Id.* § 1B1.10(a)(2)(A)–(B).

Lastly, the Court must consider any applicable factors under 18 U.S.C. § 3553(a), as well as public-safety factors, when determining—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S.

---

[3] This is so because Congress has "charge[ed] the Commission both with deciding whether to amend the Guidelines and with determining whether and to what extent an amendment will be retroactive." *Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (footnote committed) (citing 28 U.S.C. § 994(o), (u))).

[4] "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Douglas*, 634 F.3d 852, 862 (6th Cir. 2011) (alteration in original) (footnote omitted) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993))).

3

at 827; *see United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however." (citing U.S. Sent'g Guidelines Manual § 1B1.10 cmt. background)); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii)–(iii) (providing that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

### III. ANALYSIS

In 2023, the Sentencing Commission submitted to Congress a multi-part amendment to the guidelines's criminal history rules: Amendment 821 in Appendix C to the *Guidelines Manual*. The Sentencing Commission gave retroactive effect to two parts of that amendment: Part A and Part B, Subpart 1. *See* U.S. Sent'g Guidelines Manual § 1B1.10(d); U.S. Sent'g Guidelines Suppl. to app. C, amend. 825. In Part B, Subpart 1 of Amendment 821—which is the part at issue here in Mr. Ashford's case—the Sentencing Commission created a brand new guideline: USSG § 4C1.1 in Chapter Four of the *Guidelines Manual*, in which it instituted a decrease of two offense levels for "Zero-Point Offenders" (i.e., offenders with no criminal history points) whose offense did not involve certain aggravating factors. To receive this two-level adjustment, a zero-point offender must "meet[] all of the following criteria":

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S. Sent'g Guidelines Manual § 4C1.1(a).

The parties agree that Amendment 821—specifically Part A of Amendment 821—applies to Mr. Holt and lowers his criminal history category to V and his guidelines range to 70 to 87 months. [FDSET's Mot. at 2; United States's Resp. at 7]. To be entitled to relief under § 3582(c)(2), however, Mr. Holt must vault one more hurdle: § 3553(a)'s factors. *See United States v. Hughes*, 584 U.S. 675, 689 (2018) ("Even if a defendant is eligible for relief, before a district court grants a reduction it *must* consider 'the factors set forth in section 3553(a) to the extent that they are applicable[.]'" (emphasis added) (quoting 18 U.S.C. § 3582(c)(2))). FDSET contends that Mr. Holt's post-sentencing conduct entitles him to a reduced sentence, [FDSET's Mot. at 5–6]; *see generally United States v. Allen*, 956 F.3d 355, 358 (6th Cir. 2020) ("[C]ourts may consider post-sentencing conduct in assessing the § 3553(a) factors when considering

whether to adjust a previously imposed sentence." (citing *Pepper v. United States*, 562 U.S. 476, 487–93 (2011))), whereas the United States argues that § 3553(a)'s factors weigh against a sentence reduction because of the seriousness of Mr. Holt's offense and his "extensive" criminal history, [United States's Resp. at 8–9].

The Court considered § 3553(a)'s factors "in some depth at the original sentencing," *Curry*, 606 F.3d at 331, so it has no obligation to readdress each of them now, *see* 18 U.S.C. § 3582(c)(1)(A) (requiring district courts to consider § 3553(a)'s factors "to the extent that they are applicable"); *United States v. Jones*, 407 F. App'x 22, 25 (6th Cir. 2011) (stating that in *Curry* "we held that the district court did not abuse its discretion even though it had not expressly considered all of the § 3553(a) factors" because "§ 3582(c)(2) proceedings 'do not constitute a full resentencing of the defendant' and do not require the same procedural formalities as plenary sentencings" (quoting *Curry*, 606 F.3d at 330–31)). "[A]s long as the record *as a whole* demonstrates that the pertinent factors were taken into account," the Court's analysis will be complete and adequate. *Curry*, 606 F.3d at 330–31 (emphasis added) (internal quotation marks and quotation omitted)).

In Mr. Holt's case, the factors that the Court will address include § 3553(a)(1), (2), and (4):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>> . . . .

6

>   (4) the kinds of sentence and the sentencing range established for—
>
>>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

18 U.S.C. § 3553(a)(1)–(2), (4). Mr. Holt's criminal offense—i.e., possession of a firearm by an unlawful user of a controlled substance—is unquestionably serious in nature. *Cf. United States v. Irby*, No. 22-3426, 2023 WL 4927257, at *3 (6th Cir. Aug. 2, 2023) (acknowledging that the defendant's offense under § 922(g)(1) is "a serious crime" (citing *United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002))); *United States v. Dilg*, 726 F. App'x 368, 371 (6th Cir. 2018) ("We have categorically labeled drug offenses as serious." (citing *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000))). In addition, the Court has refamiliarized itself with Mr. Holt's presentence investigation report and his history and characteristics, and it is of the conviction that his time served to date does not outweigh the relevant factors under § 3553(a). *See United States v. Gaston*, 835 F. App'x 852, 855 (6th Cir. 2021) (recognizing that district courts do not abuse their discretion by "assessing prisoners based on who they were at sentencing" and "act[] well within [their] discretion" by choosing to "consider the record from a defendant's initial sentencing when considering modifying his sentence" (citing *Chavez-Meza v. United States*, 585 U.S. 109, 138 (2018)).

At sentencing, Mr. Holt's criminal history category was VI, the highest category. [PSR, Doc. 9, ¶ 41]. By the age of twenty-three, he had amassed 11 countable points for convictions that include robbery—an offense for which his probation was revoked—identify theft, aiding and abetting TennCare fraud, and multiple drug offenses. [*Id.* ¶¶ 32, 34, 37–38]. A sentence reduction therefore would not reflect the seriousness of his offense, promote respect for the law, and provide just punishment, nor would it afford adequate deterrence or protect the public from future crimes. *See* USSG § 1B1.10 cmt. n.1(B)(ii) (stating that courts "shall consider the

nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment").

FDSET, however, pushes back against the view that Mr. Holt presents a risk of harm to the public. Touting his "extensive rehabilitative efforts," FDSET cites a study in which "the impact of prison programming on post-release recidivism confirms that inmate participation in prison programming has a significant recidivism reducing effect." [FDSET's Mot. at 5]. Under this study, FDSET notes that "those who have completed 10 or more programs, are rearrested at a rate of only 30 percent." [*Id.* at 6]. But in relying on this study, FDSET fails to account for Mr. Holt's criminal history category—category VI. In a past study, the Sentencing Commission found that defendants between the ages of 40 and 49[5] with a criminal history category of VI had a re-arrest rate of 80.2%. U.S. Sent'g Comm'n, *The Effects of Aging on Recidivism Among Federal Offenders* app. at 44 (2017); *see* U.S. Sent'g Comm'n, *Recidivism Among Federal Offenders: A Comprehensive Overview* 5 (2016) ("A federal offender's criminal history was closely correlated with recidivism rates. Rearrest rates range from 30.2 percent for offenders with zero total criminal history points to 80.1 percent of offenders in the highest Criminal History Category, VI."). And likely due to the directly proportional relationship between a defendant's criminal history category and his rate of recidivism, the BOP, roughly five months ago, classified Mr. Holt as "high risk recidivism level." [BOP Inmate Profile, Doc. 44-3, at 3].

In requesting a sentence reduction, Mr. Holt does not acknowledge his criminal history score or his significant criminal history. Instead, in addressing § 3553(a)'s factors, he contends only that his post-sentencing conduct justifies a sentence reduction. But as the United States rightly argues, good behavior and self-improvement are "expected of federal prisoners," *United*

---

[5] Mr. Holt is currently 40 years of age. [PSR at 3].

States v. Hymes*, 19 F.4th 928, 934 (6th Cir. 2021), and without a meaningful analysis of § 3553(a)'s factors—which FDSET does not put forward—Mr. Holt's claim of good behavior does not resonate with the Court, *see United States v. Ashford*, No. 2:20-CR-00088-1-JRG-CRW, 2025 WL 876768, at *7 (E.D. Tenn. Mar. 20, 2025) (denying a motion under Amendment 821 partly because the defendant, who otherwise qualified for relief, engaged in no "meaningful analysis of § 3553(a)'s factors").

In sum, FDSET fails to demonstrate that § 3553(a)'s factors warrant a reduction in Mr. Holt's sentence. *See McClain*, 691 F.3d at 777 (stating that the defendant "must show" that he is entitled to a sentence reduction under § 3582(c)(2)). Because of the gravity of his offense, his substantial criminal history, and his statistical likelihood of recidivism, a reduction in his sentence simply would not reflect the seriousness of his offense and conduct, promote respect for the law, or provide just punishment, nor would it afford adequate deterrence or protect the public from future crimes. Section 3553(a)'s factors therefore militate against a reduction in his sentence, and he is not entitled to relief under § 3582(c)(2) and Amendment 821.

## IV. CONCLUSION

FDSET fails to demonstrate that Mr. Holt is entitled to a sentence reduction under § 3582(c)(2) and Amendment 821, and Mr. Holt's motions [Docs. 38 & 42] are therefore **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge